(112 So. 94)

## MARSH v. STATE. (7 Div. 322.)

(Court of Appeals of Alabama. March 29, 1927.)

Agee & Bibb, of Anniston, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. Appellant was convicted generally on a trial under an indictment in two counts, one charging burglary and one grand larceny. The evidence has been carefully examined, and, while circumstantial, we are of the opinion that it was ample to support the verdict.

The large number of written charges given to the jury at appellant's request, in connection with the excellent oral charge of the court, covered every phase of the law applicable to the case, and the action of the court in refusing to give the charges indorsed "refused" shown in the record was in each instance fully justified for that reason alone. We need not even say whether any one of them stated a correct proposition of applicable law or not. But refused charge 11, on account of the refusal of which appellant complains rather bitterly in his brief filed on this appeal, was manifestly bad. In a case hinging upon circumstantial evidence the court can never be required to single out some bit of evidence and charge that conviction or acquittal shall depend upon its belief or unbelief. The exceptions reserved on the taking of testimony have each been examined, and we do not find error in any of the rulings complained of. The questions raised are simple, and no good reason would be served by an extended treatment of any of them.

It was unfortunate that the court required appellant's counsel to state, in the hearing of the jury, his nonconsent to their separating over night. But the learned trial judge, it appears, undertook to eradicate any unfavorable impression the jury may have experienced from their minds. His remarks to them, it seems to us, were all that appellant was entitled to in the premises. But, however that may be this court would not feel justified in reversing this case and granting to appellant another trial on a ground so purely technical as that under discussion.

We have studied the record closely, and so far as we can see, or have been shown by appellant's able counsel, appellant had a fair trial after the manner provided by law. He was regularly convicted and must serve his punishment. Let the judgment be affirmed.

Affirmed.